IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated,<br>        Plaintiffs,<br><br>vs.<br><br>BROADWAY SUPERMARKET, an Illinois corporation,<br>        Defendant. | **CLASS ACTION**<br><br>Case No.: 2009cv6481<br><br>Judge: _____ |

**COMPLAINT FOR VIOLATION OF
THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT**

Plaintiffs HANK DRAGER ("Drager") and THOMAS LE ("Le"), by their counsel, and for their complaint against Defendant BROADWAY SUPERMARKET, INC. ("Broadway Supermarket"), for violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 *et seq*., state and allege as follows:

1. Section 605(g) of FACTA, codified as 15 U.S.C. 1681c(g)(1) provides, in relevant part, that:

> **... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. 1681c(g)(1).  (Emphasis added)

2. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. More recently, Congress passed a law extending the time for compliance until June 4, 2008.  Defendant recklessly and/or willfully violated this law and failed to protect

Plaintiff, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendant.

## PARTIES

3. Plaintiff HANK DRAGER ("Drager") is an individual residing in State of Illinois in this district, and a "consumer" as that term is defined under section 1681(c) of the FCRA.

4. Plaintiff THOMAS LE ("Le") is an individual residing in State of Illinois in this district, and a "consumer" as that term is defined under section 1681(c) of the FCRA.

5. Defendant BROADWAY SUPERMARKET was and is an Illinois corporation, located at 4879 N. Broadway St., Chicago, Illinois, Cook County, and is a "person" as that term is defined under section 1681(b) of the FCRA.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction as the claims arose under 28 U.S.C. § 1331 (general jurisdiction) and 15 U.S.C. § 1681p of the FCRA.

7. Venue is proper in this District because Defendant transacts business within the District and is located within the District.

## FACTS

8. On October 3, 2009, Defendant provided Plaintiff Drager a computer-generated cash register receipt which displayed the Plaintiff's credit/debit card's expiration date, at its establishment located at 4879 N. Broadway St., Chicago, Illinois.

9. On September 26, 2009, Defendant provided Plaintiff Le a computer-generated cash register receipt which displayed the Plaintiff's credit/debit card's expiration date, at its establishment located at 4879 N. Broadway St., Chicago, Illinois.

Drager *et al*. vs. Broadway Supermarket
Class Action

2

10. On information and belief, it is possible for thieves to replicate a credit card number using the expiration date or the last five digits of the card number.

11. The receipts provided by Defendant to Plaintiffs also have the name of the cardholder printed on them. This additional information leaves Plaintiffs and members of the class particularly vulnerable to identity thieves.

## CLASS ALLEGATIONS

12. Plaintiffs bring this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

13. The class is defined as all persons to whom the Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after June 4, 2008, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card, or (c) both.

14. The members of the putative class are so numerous that joinder of all individual members in one action would be impracticable.

15. Upon information and belief, there are over 50 persons to whom the Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois since June 2008, which receipts display either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card, or both.

16. The exact number of members of the class and their identity can be readily ascertained, with little costs, upon examination of records and documents that are regularly maintained by and in the possession of Defendant in the course of its business.

Drager *et al*. vs. Broadway Supermarket
Class Action

3

17. Plaintiffs' claims are typical of the claims of the members of the putative class. All claims are based on the same legal theories and arise from the same unlawful and willful conduct.

18. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members, which include the following:

    a. Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed more than the last five digits of the credit card or debit card, or the expiration date of the credit card or debit card;

    b. Whether Defendant thereby violated FACTA;

    c. Whether Defendant's conduct was willful;

    d. Identification and involvement of the Doe Defendant.

19. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have no interests that conflict with the interests of the class members. Plaintiffs have retained experienced counsel.

20. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not practical.

## COUNT I
## VIOLATION OF FACTA

21. Plaintiffs re-allege, restate, and incorporate by reference paragraphs 1 through 20, as if fully set forth herein.

22. Defendant violated section 1681c(g)(1) of FCRA, 15 U.S.C. 1681, which provides in relevant part, that:

> **... no person that accepts credit cards or debit cards for the**

> **transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. 1681c(g)(1). (Emphasis added).

23. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(8) required immediate compliance with the provisions of 15 U.S.C. § 168lc(g)(1).

24. With respect to machines that were first put into use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. § 168lc(g)(1) on or after December 4, 2006.

25. Defendant accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiffs and the class members.

26. In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

27. After June 4, 2008, Defendant provided Plaintiffs and each member of the putative class, at the point of sa1e or transaction, with one or more electronically printed receipts on each of which Defendant printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

28. FACTA was enacted in 2003 and gave merchants who accept credit card or debit cards, or both, up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

29. On June 3, 2008, the Credit and Debit Card Receipt Clarification Act of 2007 (the "Clarification Act"), Pub. L. 110-241, 122 Stat. 1565, was signed into law.

30. The Clarification Act provides, in pertinent part, that "[A]ny person who printed

Drager *et al*. vs. Broadway Supermarket
Class Action

5

an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and the date of the enactment of this subsection [June 3, 2008], but otherwise complied with the requirements of [FACTA] for such receipt shall not be in willful noncompliance by reason of printing such expiration date on the receipt."

31. However, under the Clarification Act, persons or merchants that print expiration dates on computer-register generated receipts after June 3, 2008, or otherwise fail to comply with the requirements of FACTA, are not exempt from liabilities under FCRA.

32. On information and belief, Defendant knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

33. On information and belief, VISA, MasterCard, the PCI Security Standards Council, a consortium founded by VISA, MasterCard, Discover, American Express and JCB companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant needs to comply with the same.

34. The requirement was widely publicized among retailers and by the consortium founded by VISA, MasterCard, Discover, American Express and JCB companies.

35. Most businesses and competitors in the Defendant's industry have readily brought their credit card and debit card receipt printing process into compliance with FACTA by replacing FACTA-compliant machines or by re-programming their card machines and devices to prevent them from printing more than the last five digits of the card number or the expiration date on the receipts provided to the cardholders.

36. Defendant could have readily done the same.

Drager *et al.* vs. Broadway Supermarket
Class Action

6

Case 1:09-cv-06481 Document 1 Filed 10/15/09 Page 7 of 8

37. Defendant willfully and/or recklessly disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and members of the class, as follows:

A. For statutory damages between $100.00 and $1,000.00 per violation;

B. For attorneys' fees, litigation expenses, and costs; and

C. For such other and further relief as the Court deems proper and appropriate.

Respectfully Submitted,

By: */s/Kenneth M. DucDuong*
One of Plaintiffs' Attorneys

*Counsel for Plaintiffs*:

Kenneth M. DucDuong
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
ARDC # 6286069 (IL)


Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
ARDC# 6281095 (IL)

Drager *et al.* vs. Broadway Supermarket
Class Action

7

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

By: */s/Kenneth M. DucDuong*
    One of Plaintiffs' Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
ARDC # 6286069 (IL)


Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
ARDC# 6281095 (IL)

Drager *et al*. vs. Broadway Supermarket
Class Action

8