HHN

FILED
Nov 6, 2009
NOV - 6 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| Hank Drager and Thomas Le ) | |
| ) | |
| Plaintiffs, ) | |
| -v- ) | Civil Action No.: 2009 CV 6481 |
| ) | |
| Broadway Supermarket, ) | |
| ) | Judge: |
| Defendant. ) | |

## NOTICE OF FILING

TO:    Kenneth M. DucDuong, Esq.      Alexander H. Burke, Esq.
       1055 W. Catalpa Ave., # 216      155 N. Michigan Ave., Suite 9020
       Chicago, IL 60640                       Chicago, IL 60601

PLEASE TAKE NOTICE that on __11/6__, 2009, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois Defendant's Answer to Complaint, a copy of which is herewith served upon you.

_____
Pengtian Ma, Attorney for Defendant

## PROOF OF SERVICE

I, Pengtian Ma, an attorney, hereby certify that I served the above referenced document(s) on the above counsel of record at the above address by personally mailing a copy via First Class Mail on __11/6__, 2009 with postage fully prepaid.

_____
Pengtian Ma

Law Offices of Pengtian Ma
2961 South Archer Ave.
Chicago, IL 60608
773-847-7890

FILED
Nov 6, 2009
NOV - 6 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| Hank Drager and Thomas Le ) | |
| ) | Civil Action No.: 2009 CV 6481 |
| Plaintiffs, ) | |
| -v- ) | Assigned Judge: Hon. Hart |
| ) | |
| Broadway Supermarket, ) | Designated |
| ) | Magistrate Judge: Hon. Brown |
| Defendant. ) | |

### ANSWER TO PLAINTIFFS' COMPLAINT FOR VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTION ACT

NOW COMES the defendant, Broadway Supermarket, Inc., an Illinois corporation, by and through its attorney Pengtian Ma, and for its Answer to Plaintiffs' Complaint for Violation of the Fair and Accurate Credit Transaction Act (FACTA), states as follows:

1. The defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. The defendant admits the allegations contained in Paragraph 2 of the Complaint with regard to the effective date of FACTA, but denies the rest of the allegations, and affirmatively states that on or about July 24, 2006, the defendant hired Linus International, Inc., a professional technology firm, to install a brand new computer system which included the function of credit card and check processing at the point of sales, and that unknown to the defendant prior to the filing of this lawsuit, the system might have malfunctioned or been defective by printing the expiration date of a credit card on a receipt.

### PARTIES

3. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. The defendant admits the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. The defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. The defendant admits the allegations contained in Paragraph 7 of the Complaint.

## FACTS

8. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same and demands strict proof thereof.

9. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same and demands strict proof thereof.

10. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same and demands strict proof thereof.

11. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same and demands strict proof thereof.

## CLASS ALLEGATIONS

12. The defendant denies that this action should be certified as class action underfed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, the plaintiffs will have to prove actual

damages, which require individualized proofs under FACTA.

13. The defendant denies that this action should be certified as a class action under fed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and will have to prove actual damages, which require individualized proofs under FACTA.

14. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies that same and demands strict proof thereof, and affirmatively states that this action should not be certified as a class action under fed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and the Plaintiffs will have to prove actual damages, which require individualized proofs under FACTA.

15. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies that same and demands strict proof thereof, and affirmatively states that this action should not be certified as a class action under fed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and the Plaintiffs will have to prove actual damages, which require individualized proofs under FACTA.

16. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies that same and demands strict proof thereof, and affirmatively states that this action should not be certified as a class action under fed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant

willfully and/or recklessly disregarded FACTA's requirements, and the plaintiffs will have to prove actual damages, which require individualized proofs under FACTA.

17. The defendant denies the allegations contained in Paragraph 17 of the Complaint and affirmatively states that this action should not be certified as a class action underfed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and the Plaintiffs will have to prove actual damages, which require individualized proofs under FACTA.

18. The defendant denies the allegations contained in Paragraph 18 of the Complaint and affirmatively states that this action should not be certified as a class action underfed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and the Plaintiffs will have to prove actual damages, which require individualized proofs under FACTA.

19. The defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same and demands strict proof thereof.

20. The defendant denies the allegations contained in Paragraph 20 of the Complaint and affirmatively states that this action should not be certified as a class action underfed. R. Civ. P. 23(a) and (b)(3), since the Complaint is, other than conclusory statements, devoid of any allegations of facts that show that the defendant willfully and/or recklessly disregarded FACTA's requirements, and the Plaintiffs will have to prove actual damages, which require individualized proofs under FACTA, and further states that as an initial issue, the Plaintiffs should be required a allege concrete facts or present evidence that show willfulness on the part of the defendant before the law suit can be certified as a class

action.

## COUNT I
## VIOLATION OF FACTA

21. The defendant adopts its answers to Paragraphs 1 through 20 as its answer to Paragraph 21 of the complaint.

22. The defendant does no possession sufficient information to either admit or deny the allegations of paragraph 22, and therefore denies that same and demand strict proof thereof.

23. The defendant admits that Paragraphs 23 correctly state the relevant parts of PACTA.

24. The defendant admits that Paragraph 24 correctly state the relevant parts of PACTA.

25. The defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. The defendant admits the allegations contained in Paragraph 25 of the Complaint.

27. The defendant does no possession sufficient information to either admit or deny the allegations of paragraph 27, and therefore denies that same and demand strict proof thereof.

28. The defendant admits that Paragraph 28 correctly states the relevant parts of PACTA.

29. The defendant admits the allegations contained in Paragraph 29.

30. The defendant admits that Paragraph 30 correctly states the relevant parts of the Credit and Debit Cards Receipt Clarification Act.

31. The defendant admits that Paragraph 31 correctly states the relevant parts of

FACRA.

32. The defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. The defendant does no possession sufficient information to either admit or deny the allegations of paragraph 33, and therefore denies that same and demand strict proof thereof.

34. The defendant does no possession sufficient information to either admit or deny the allegations of Paragraph 34, and therefore denies that same and demand strict proof thereof.

35. The defendant does no possession sufficient information to either admit or deny the allegations of Paragraph 35, and therefore denies that same and demand strict proof thereof.

36. In response to the allegations contained in Paragraph 36, the defendant affirmatively states that on or about July 24, 2006, the defendant hired Linus International, Inc., a professional technology firm, to install a brand new computer system which included the function of credit card and check processing at the point of sales, and that unknown to the defendant prior to the filing of this lawsuit, the system might have malfunctioned or been defective by printing the expiration date of a credit card on a receipt.

37. The defendant denies the allegations contained in Paragraph 37 of the complaint.

Wherefore the defendant respectfully requests the following:

A. The action be dismissed as long as it is filed as a class action; or

B. The action not be certified as a class action;

C. The Plaintiff's requests for damages and attorney fees and costs be stricken;

D. Th e Court grant the defendant such other relief as this Court deems just and

proper.

        Respectfully submitted,

        LAW OFFICES OF PENGTIAN MA

        By *[signature]*

        Pengtian Ma, one of Defendant's Attorneys

        2961 South Archer Ave.
        Chicago, IL 60608
        773-847-7890
        pma@lawpma.com
        ARDC #: 6231096