IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, )<br>)<br>)<br>  Plaintiffs, )<br>)<br>  vs. )<br>)<br>BROADWAY SUPERMARKET, an Illinois corporation, )<br>)<br>  Defendant. ) | Case No.: 2009cv6481<br><br>Judge Hart<br><br>Magistrate Judge Brown |

**MOTION TO COMPEL DISCOVERY AS TO DEFENDANT
BROADWAY SUPERMARKET AND FOR AN ORDER FOR FACTS
DEEMED AS ADMITTED FOR DEFENDANT'S FAILURE TO
TIMELY RESPOND TO PLAINTIFF'S REQUESTS TO ADMIT**

Plaintiffs HANK DRAGER and THOMAS LE (the "Plaintiffs"), by their counsel, and for their **Motion To Compel Discovery As To Defendant Broadway Supermarket And For An Order For Facts Deemed as Admitted for Defendant's Failure to Timely Respond to Plaintiffs' Requests to Admit**, in compliance with Local Rule 37.2, moves this Court to compel Defendant BROADWAY SUPERMARKET ("Broadway"), an Illinois corporation to comply with discovery under the Federal Rules of Civil Procedure 26 through 36, and for sanction for the Defendant's failure to comply or cooperate with discovery pursuant to Fed. R. Civ. P. 37, and state as follows:

1.  That on October 15, 2009, Plaintiffs, on behalf of themselves and all others similarly situated, filed a complaint against Defendant for violations of the Fair and Accurate Credit Transaction Act, 15 U.S.C. 1681 *et seq*.

2.  That on December 7, 2009, Plaintiffs voluntarily provided their Rule 26(a) predisclosures and requested the same from Defendant. A true and correct copy of Plaintiffs' predisclosures and letter dated on December 7, 2009 is attached hereto as Exhibit A and

incorporated by reference as if fully set forth herein.

3. However, as of the date of this Motion, Defendant failed or refused to provide Plaintiff its Rule 26(a) predisclosures despite being reminded of the disclosure by Plaintiffs and the predisclosures are voluntary.

4. That on November 17, 2009, Plaintiffs, through their attorneys, propounded discovery on Defendant for Requests to Admit, Interrogatories, and Request for Production of Documents. A true and correct copies of Plaintiffs' Discovery Requests are attached hereto as Exhibit B, and incorporated by reference as if fully set forth herein.

5. Plaintiffs' propounded discovery was due on or before December 17, 2009.

6. Defendant failed or refused to comply with Plaintiffs' discovery on or before December 17, 2009.

7. That on or about December 7, 2009, Plaintiffs, through their attorneys, reminded Defendant of its obligation to provide discovery information pursuant to Fed. R. Civ. P. 33, 34, and 36. *See* Exhibit A.

8. On or about December 22, 2009, Plaintiffs' counsel again reminded Defendant of its obligation to respond to discovery, which was already overdue. A true and correct copy of the correspondence dated December 22, 2009 is attached hereto as Exhibit C and is incorporated by reference as if fully set forth herein.

9. That on or about January 4, 2010, Plaintiffs, through counsel, spoke with Defendant's counsel, Pengtian Ma, Esq., regarding Defendant's discovery noncompliance.

10. At the January 4, 2010 phone discussion, Defendant's counsel stated that he would fully comply with discovery on or before January 12, 2010. Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' fax dated January 4, 2010 that memorialized the phone

discussion. While Plaintiffs did not agree to the Defendant's proposed January 12, 2010, they reserved their right to compel discovery.

11.     Pursuant to Fed. R. Civ. P. 36(a), a party served with a written request to admit the truth of matters within the scope of discovery has thirty days to file an answer or objection, or the matters are deemed admitted.

12.     Fed. R. Civ. P. 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

13.     Plaintiffs, through their counsel, stated that pursuant to Fed. R. Civ. P. 36, Defendant has defaulted to answer their requests to admit within 30 days upon service, and therefore waived its objection to the requests, and has conclusively admitted to the facts contained therein. *See* Exhibit B, "Requests to Admit"; *see also DeColo, v. Kosciusko County Sheriff's Dept.*, No. 06-CV-176, 2007 WL 1650921, *1 (N.D. Ind., Jun, 5, 2007) (admissions occur automatically by rule of law at expiration of 30 day period); *Fabriko Acquisition Corporation v. Prokos*, 536 F.3d 605 (7th Cir., 2008) (affirmed the trial court granting summary judgment based on plaintiff's failure to respond to defendant's requests to admit within 30 days upon service).

14.     Similarly, Broadway Supermarket's failure to respond to the interrogatories and document requests at all results in waiver of any objections it might have raised had the responses been timely. "There is no provision in the Federal Rules for preserving objections. . . Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all interrogatories." Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); vacated on other

grounds, 433 F.3d 946, 947 (7th Cir. 2006); <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982).

15. At the status hearing on December 3, 2009, this Court entered an order that class discovery was to be completed on or before February 26, 2010. *See* Dkt. No. 10.

16. As of the date of this Motion, Defendant has failed to respond to Plaintiffs' Requests to Admit, Interrogatories, and Requests for Production of Documents.

17. Defendant failed to object to any request of Plaintiffs' discovery nor did Defendant initiate discussion with Plaintiffs with respect to discovery in order to, for example, request an extension.

18. Although Plaintiffs, in good faith, decided not to file a motion to compel until January 12, 2010, Defendant again failed to respond to Plaintiffs' discovery requests.

19. That despite having actual knowledge of Plaintiffs' discovery requests, Defendant failed or refused to provide information or discovery, or otherwise discussed with Plaintiffs other alternative methods to comply with Plaintiff's discovery requests.

20. That despite being reminded of its discovery obligations on or about December 8, 2009, December 22, 2009, and again on or about January 4, 2010, Defendant remains noncompliant.

21. On January 12, 2010, Defense counsel sent plaintiff's counsel the email attached as Exhibit E, which, for the first time, asserts that plaintiff's counsel picked January 12 as the production date. This assertion is false. In any event, the email also refuses to produce the discovery, and suggests that plaintiff present our position to the Court.

22. Thus, after consultation in writing and electronic mail and on good faith to resolve any differences and pursuant to the Local Rule 37.2 of this Court, Plaintiffs were unable to reach

an accord with Defendant but for its continued failure to comply with Plaintiffs' discovery requests.

23. That Plaintiffs, through their attorneys, were unsuccessful despite their good faith attempts to engage Defendant in reasonable discussion.

24. That, on information and reasonable belief and based on the facts stated in previous paragraphs, Plaintiffs believe that Defendant will not comply with discovery without an order from this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court the following relief as follows:

A. Compel Defendant BROADWAY SUPERMARKET to immediately comply with discovery and provide requested information;

B. Enter an Order that all facts contained in Plaintiffs' Requests to Admit are deemed admitted by Defendant for its failure to respond or object within thirty (30) days upon service;

C. Enter an Order holding that defendant's objections have been waived;

D. Reimburse Plaintiffs' additional fees and costs for the prosecution of this Motion; and

E. Any other and further relief as this Court deems just and equitable.

Dated: <u>January 14, 2010</u>    Respectfully Submitted,

<u>s/Kenneth M. DucDuong</u>
Kenneth M. DucDuong
One of Plaintiffs' Attorneys

*Counsel for Plaintiffs:*

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE

5

09-0035.1

1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065
ARDC No. 6286069 (IL)

Alexander H. Burke, Esq.
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ARDC No. 6281095 (IL)