IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, | ) ) ) | **CLASS ACTION** |
| Plaintiffs, | ) ) | Case No.: 2009cv6481 |
| vs. | ) ) ) | Judge Hart |
| BROADWAY SUPERMARKET, an Illinois corporation, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

*EXHIBIT*
**B**

**PROOF OF SERVICE**

TO: Attorneys for Defendant Broadway Supermarket, an Illinois corporation,

Pengtian Ma
Law Offices of Pengtian Ma
2961 S. Archer Ave.
Chicago, IL 60608
773.847.8889 fax

The undersigned, an attorney, hereby certifies that on *Nov 17, 2009* he sent or caused to be sent by electronic mail at the electronic mail addresses or by facsimile as provided above or by regular U.S. first class mail, a true and correct copy of each of the following:

1. PLAINTIFFS' FIRST SET OF REQUESTS TO ADMIT DIRECTED TO DEFENDANT BROADWAY SUPERMARKET

2. PLAINTIFFS' FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT BROADWAY SUPERMARKET

3. PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT BROADWAY SUPERMARKET

Kenneth M. DucDuong
Counsel to Plaintiff

***Counsel for Plaintiffs:***

1

09-0035.1

**EXHIBIT B**                    **HD.Disc.000001**

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065

Alexander H. Burke, Esq.
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Tel.: (312) 729-5288
Fax: (312) 729-5289

09-0035.1

**EXHIBIT B**    **HD.Disc.000002**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, | ) ) ) | **CLASS ACTION** |
| Plaintiffs, | ) ) | Case No.:  2009cv6481 |
| vs. | ) ) | Judge Hart |
| BROADWAY SUPERMARKET, an Illinois corporation, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

### PLAINTIFF'S FIRST SET REQUEST TO ADMIT DIRECTED TO DEFENDANTS

The Plaintiffs HANK DRAGER ("Drager") and THOMAS LE ("Le") request that Defendant BROADWAY SUPERMARKET, an Illinois corporation ("Broadway Supermarket") answer, under oath, in accordance with Rule 36 of the Federal Rules of Civil Procedure, to admit or deny the truth of the following.  Unless otherwise specified in a particular paragraph, the time period covered by this request is from January 1, 2003 through the present, inclusive. Throughout this request:

"**Drager**" means Hank Drager.

"**Le**" means Thomas Le.

**Drager** and **Le** are referred together as Plaintiffs, in singular or plural, unless indicated otherwise.

"**Broadway Supermarket**" or Defendant means Broadway Supermarket, an Illinois corporation, located at 4879 N. Broadway St., Chicago, Illinois.

"**FACTA**" refers to Fair and Accurate Credit Transactions Act, as amended to the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

"**Complaint**" refers to the Plaintiffs' complaint filed in the United States District Court for the Northern District of Illinois, captioned as "HANK DRAGER and THOMAS LE, on behalf of themselves and all other similarly situated vs. BROADWAY SUPERMARKET, an Illinois corporation", Case No. 2009cv6481, unless indicated otherwise.

**Exhibits A** and **B**, attached hereto, refer to electronically printed store receipt issued to Plaintiffs on the dates referenced in the instant Complaint.

REQUESTS TO ADMIT

09-0035.1

**EXHIBIT B**

**HD.Disc.000003**

1.      Defendant's records indicate that Plaintiff Drager is a resident of this district.

2.      Defendant's records indicate that Plaintiff Le is a resident of this district.

3.      On September 26, 2009 Defendant provided Plaintiff Le a computer-generated cash registered receipt which displayed the Plaintiff's credit or debt card's expiration date, at its establishment located at 4879 N. Broadway St., Chicago, Illinois.  A true and correct copy of the receipt is attached hereto as Exhibit A.

4.      On October 3, 2009 Defendant provided Plaintiff Drager a computer-generated cash registered receipt which displayed the Plaintiff's credit or debt card's expiration date, at its establishment located at 4879 N. Broadway St., Chicago, Illinois.  A true and correct copy of the October 3, 2009 receipt is attached hereto as Exhibit B.

5.      There are over 500 individual persons in Illinois to whom Defendant provided an electronically printed receipt at the point of sale or transaction at Defendant's premises, in a transaction occurring after June 3, 2008, which receipt displays either (a) more than the last five digits of the person's credit or debit card number, or (b) the expiration date of the person's credit or debit card number, or both.

6.      It is Defendant's business practice and policy to provide consumers who purchased items using their credit or debit card a receipt with their credit or debit card's expiration date printed on it.

7.      It is Defendant's business practice and policy to provide consumer who purchased items using their credit or debit card a receipt with their credit or debit card's name printed on it.

8.      Defendant has been advised or informed, at least one time, by a credit card company, a financial institution where credit or debit card's electronic transactions were processed and posted that FACTA's truncation requirements on electronically printed credit or debit card's receipts.

9.      The net assets of Defendant is equal to or greater than $1,000,000.00.

10.     The net assets of Defendant is equal to or greater than $3,000,000.00

11.     The net assets of Defendant is equal to or greater than $5,000,000.00.

12.     Defendant maintains general commercial liability insurance policies for purposes of their business, including but not limited to violations of the FACTA.

13.     Defendant maintains general commercial liability insurance polici(es) that are more than three (3) million dollars.

14.     Defendant maintains general commercial liability insurance polici(es) that are more than five (5) million dollars.

09-0035.1

**EXHIBIT B**                                        HD.Disc.000004

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANTS

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs HANK DRAGER ("Le") and THOMAS LE ("Le") request that Defendant BROADWAY SUPERMARKET, an Illinois corporation, answer under oath the following interrogatories. Unless otherwise specified in a particular paragraph, the time period covered by this request is from January 1, 2003 through the present, inclusive. Throughout this Request:

"**Drager**" means Hank Drager.

"**Le**" means Thomas Le.

**Drager** and **Le** are referred together as Plaintiffs, in singular or plural, unless indicated otherwise.

"**Broadway Supermarket**" or Defendant means Broadway Supermarket, an Illinois corporation, located at 4879 N. Broadway St., Chicago, Illinois

"**FACTA**" refers to Fair and Accurate Credit Transactions Act, as amended to the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*.

"**Complaint**" refers to the Plaintiffs' complaint filed in the United States District Court for the Northern District of Illinois, captioned as "HANK DRAGER and THOMAS LE, on behalf of themselves and all other similarly situated vs. BROADWAY SUPERMARKET, an Illinois corporation", Case No. 2009cv6481, unless indicated otherwise.

**Exhibits A** and **B**, attached hereto, refer to electronically printed store receipt issued to Plaintiffs on the dates referenced in the instant Complaint.

INSTRUCTIONS

A. Answers to the Interrogatories must be furnished, under oath, within thirty (30) days of the service of these Interrogatories.

B. Identify the person responding to each interrogatory, including the length of time the respondent has held his/her position with Defendant, and the duties performed for the Defendant. If more than one person responds or participates in the preparation of the answer to an interrogatory, each person responding or participating in preparation of the answers to each shall be similarly identified. The person under whose control or supervision these responses were prepared shall be similarly identified and you shall state whether or not such person(s) will offer supporting or directly related testimony.

C. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

3

**EXHIBIT B**          **HD.Disc.000005**

D. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

E. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant(s) obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant(s) is/are obligated to serve amended answers on the undersigned.

F. The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant(s) of which Defendant(s) has/have knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

G. A request to identify a document is a request to state as applicable:

   1. The date of the document;

   2. The type of document;

   3. The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

   4. The name of the employer or principal whom the signers, addressers and preparers were representing;

   5. The present location of the document;

   6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;

   7. A summary of the contents of the document; and

   8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

H. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it

4

09-0035.1

**EXHIBIT B**

HD.Disc.000006

responds.

## DEFINITIONS

For the purpose of this request the following definitions apply:

A.  The terms "document" or "documents" shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant(s), of which the Defendant(s) has/have knowledge, whether originals or copies.  Such writings or recordings include but are not limited to:  contracts, bills of sale, agreements, promissory notes, documents, applications, file memoranda, correspondence, telegrams, forms, bank statements, tax invoices, files, books, pamphlets, circulars, transcripts, orders, bulletins, periodicals, letters, reports, advertisements, graphs, charts, plans, records, studies, logs, manuals, minutes, photographs or microfilm, diagrams, drawings or other visual materials, lists, working papers, rough drafts, research material, notes, papers, ledgers, journals or other books of account, computer print-outs or discs or tapes, computer programs, intra- and inter-office memoranda, notebooks, desk calendars, diaries, statistical computations, confirmations, reports and/or summaries of interviews or conversations, reports and/or summaries of investigations, opinions or reports of consultants, statements or expressions of policy, appraisals, forecasts, of all natures and kinds whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio or visual replay), models, or other manner of tangible things on which words, phrases, symbols, information or other matter are written, printed or recorded.  If any document asked to be identified, described, or produced is not in Defendant' possession or subject to their control, give the reason therefore, its present location, the identity of the present custodian of the document and of any copy or summary thereof.

B.  "Person" shall mean natural persons, groups of natural persons acting in a collegial capacity (e.g., a committee or board of directors), corporation, partnerships, associations, joint ventures, labor unions, and any other incorporated or unincorporated business, governmental, public or social entity.

C.  "Communication" shall mean any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (e.g., telephone, telegram, telegraph, United States mail, private mail or courier service, facsimile transmittal, face-to-face contact), including but not limited to:  inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of verbal intercourse, whether oral or written.

D.  "Relating to" and "regarding" shall mean relating to, regarding, consisting of, referring to, reflecting, manifesting, prepared in connection with, describing, containing, attesting to, or being in any way legally, logically, or factually connected with the matter discussed, whether directly or indirectly.

09-0035.1

**EXHIBIT B**

**HD.Disc.000007**

E.  When requested to "identify" or provide information as to the "identity" of a person, state his/her full name, occupation, position or business relationship to Defendant Broadway Supermaket, currently and at the relevant period, and current or last known home and work addresses and telephone numbers, current or last known employment address, and social security number.

F.  The "relevant period" shall mean the period from the time Plaintiff first filed her instant Complaint up to and including one year, i.e., 12 months, prior to the date of the receipts.

G.  When used without qualification, "the transaction" or "the subject transaction" means the transaction consummated by Defendant on or about December 2006, involving the receipts provided to Plaintiffs in the instant cause of action.

## INTERROGATORIES

1.  State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

    **ANSWER:**

2.  Describe in detail what steps and procedures, if any, Defendant has every taken in order to comply with the FACTA amendment the FCRA as it relates to truncation requirement of credit or debit card information on electronically printed receipts.

    **ANSWER:**

3.  State and identify all departments, all employees within those department, that had any involvement in complying, ensuring compliance or attempting to ensure compliance with the FACTA amendment to the FCRA.

    **ANSWER:**

4.  State and identify all third parties, agents, merchant bank(s), or other entities that are involved in processing of Defendant's electronically printed receipts or are connected with ensuring compliance or noncompliance with the FACTA of the FCRA.  If it is non-natural person, including the full name of the natural person in charge, the full address, telephone number(s), and electronic mail (e-mail) address(es).

    **ANSWER:**

5.  State the number of electronically printed receipts provided to customers by Defendant, at the point of sale or transaction in a transaction occurring after June 3, 2008 until the date of answering this Request, inclusive, that contain either more than five digit number of the person's credit or debit card number or the person's credit or debit card expiration date, or both.

    **ANSWER:**

09-0035.1

**EXHIBIT B**                                                                 **HD.Disc.000008**

6.      State the reason Defendant printed the expiration date of the person's credit or debit card receipts, such as Plaintiffs and the proposed members of the Class.  Identify by name or number any records or documents supporting the explanation.

     **ANSWER:**

7.      State how and when Defendant first learned of FACTA's truncation requirements, and identify what steps or procedures Defendant has ever taken in order to prevent printing the credit card expiration date or more than five digits of the credit or debit card number on electronically printed receipts.  Include the date the step taken or procedures implemented, the person(s) who decided to take the steps or procedures, the person(s) who performed the step or procedures.

     **ANSWER:**

8.      Identify all third parties or vendors that have been involved in providing electronically printed receipts to customers since January 1, 2000.

     **ANSWER:**

9.      Identify all third parties or vendors that have been involved in processing electronically printed receipts to customers since January 1, 2000.

     **ANSWER:**

10.      State and identify whether Defendant received advertising referring to (a) truncation or credit card numbers or expiration date or (b) the ability of hardware or software to print receipts that did not display expiration dates or portions of the credit or debit card numbers.

     **ANSWER:**

11.      Identify all persons who were involved in making the decision not to truncate credit or debit card expiration dates or the last five digits of the credit or debit card numbers on electronically printed receipts that Defendants provided to customers.

     **ANSWER:**

12.      Identify all persons, including agents and third parties, involved in deciding what remedial measures to take in response to the instant Complaint or other similar lawsuits, what measures were taken, who implemented the remedial measures and when there were implemented.

     **ANSWER:**

13.      Describe in detail any system(s), procedures, training manual of employees, or the maintenance of all procedures utilized by Defendant to avoid violation of the FACTA amendment to the FCRA.

     **ANSWER:**

09-0035.1

**EXHIBIT B**          **HD.Disc.000009**

14.     Identify all internal and external documents regarding Defendants compliance or noncompliance with the FACTA amendment to the FCRA.

   **ANSWER:**

15.     List all possible sources from which Defendant may be able to compile a list of the persons to whom it provided an electronically printed receipt or receipts at the point of sale or transaction, in a transaction in an Illinois store occurring after June 3, 2008, which receipt displays either (a) more than the last five digits of the person's credit or debit card number, or (b) the expiration date of the person's credit or debit card, or both.

   **ANSWER:**

16.      Identify any and all documents or records that are responsive to Plaintiff's Request for Production of Document pursuant to Rule 34 of the Federal Rules of Civil Procedure, that are not being produced. Explain the substance, creation date, whereabouts, and request to which they are responsive and of each of those documents or records, and explain Defendant's reason(s) for not producing them.

   **ANSWER:**

17.     State and describe in detail the reason for any denial of any paragraph in the instant Complaint.

   **ANSWER:**

18.      State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years, the amount and the dates of coverage, type, policy number(s) of each liability insurance policy, regardless whether or not the insurer will provide coverage for violations in the instant Complaint.

   **ANSWER:**

19.     Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

   **ANSWER:**

20.     Identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact with a person other than Plaintiff made in connection with the allegations of the complaint.

   **ANSWER:**

21.     Starting since January 2003, state and identify all means that Defendant has used in connection its business in an effort to keep abreast with and to be in compliance with the laws and regulations. A complete answer would include the following: periodicals, notices,

8

**EXHIBIT B**            **HD.Disc.000010**

professional and trade articles, subscriptions to trade magazines or associations, seminars, and industry associations, e.g., the National Grocers Association, the National Retail Federation-Grocery Retailing, the Illinois Retail Merchants Association, or the Illinois Food Retailers Association.

      **ANSWER:**

22.    Identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds of each opinion.

      **ANSWER:**

23.    Identify by name, position, address and phone number all witnesses Defendant proposes to call to trial.

      **ANSWER:**

24.    List all exhibits by name, description, or record identification number Defendant intends or proposes to introduce at trial.

      **ANSWER:**

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs HANK DRAGER ("Drager") and THOMAS LE ("Le") request that Defendant BROADWAY SUPERMARKET, an Illinois corporation, produce within (30) days, the documents herein described and permit Plaintiff and his attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection or copying at the office of counsel for Plaintiffs, or at such office of the Defendants' as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendants' duties and responsibilities.

      Plaintiff further requests that this inspection be permitted by Defendants immediately after Defendants' response to this request has been filed, and that his attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be responsible for these documents so long as they are in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

      This request is intended to cover all documents in possession of the Defendants, or subject to his custody and control, regardless of location.

09-0035.1

**EXHIBIT B**

**HD.Disc.000011**

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendants, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

Throughout this Request:

"**Drager**" means Hank Drager.

"**Le**" means Thomas Le.

**Drager** and **Le** are referred together as Plaintiffs, in singular or plural, unless indicated otherwise.

"**Broadway Supermarket**" or Defendant means Broadway Supermarket, an Illinois corporation, located at 4879 N. Broadway St., Chicago, Illinois

"**FACTA**" refers to Fair and Accurate Credit Transactions Act, as amended to the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.*

"**Complaint**" refers to the Plaintiffs' complaint filed in the United States District Court for the Northern District of Illinois, captioned as "HANK DRAGER and THOMAS LE, on behalf of themselves and all other similarly situated vs. BROADWAY SUPERMARKET, an Illinois corporation", Case No. 2009cv6481, unless indicated otherwise.

**Exhibits A** and **B**, attached hereto, refer to electronically printed store receipt issued to Plaintiffs on the dates referenced in the instant Complaint.

## REQUESTS FOR PRODUCTION

Please produce the following:

1.     All documents relating to the alleged compliance or noncompliance of the FACTA amendment to the FCRA, including 15 U.S.C. § 1682c(g), and the printing of the expiration date or the last five digit number of Plaintiffs' and members of the Class's credit or debit cards thereof.

2.     All documents, records, or data that refer to Plaintiffs, or any index, credit or debit card

09-0035.1

**EXHIBIT B**          **HD.Disc.000012**

or accounts number or designation assigned to Plaintiffs.

3.      All electronic mail, i.e., e-mail, electronically stored documents or records, or other electronically searchable materials on servers or in archived files, including documents sent to or from any employee or agent of Defendant, including attorneys acting within the scope of their representation of Defendant), created, sent, modified or distributed on or after January 1, 2004, that contains any of the following strings of characters or satisfies the following search criteria:

     a.  "FACTA"

     b.  "1681c", or "15 U.S.C. 1681(c)" or any approximation of such terms.

     c.  "FCRA"

     d.  "Expiration date"

     e.  "Receipt" within the same e-mail or e-mail string as "point of sale", or "POS".

     f.  "shall print more than the last five or 5 digits"

The search shall be performed regardless of whether a term is preceded or followed by a space or another character by way of Boolean search methodology, wild card search method, or other commonly accepted search methodology, so that the search for "truncate" will turn up "truncated", and "untruncated".

4.      All material, including video and audio tapes, pertaining to training by or for Defendant and its employees regarding compliance with the FACTA amendment to the FCRA or credit card processing, generally.

5.      An organizational chart for the Defendant.

6.      All documents that relate or concern any discussion or communication of truncation requirement of any portion of credit and/or debit card numbers within Defendant, or between Defendant and agents, third parties, merchant banks, and credit and debit card processing companies and entities.

7.      All documents that relate or concern any discussion or communication of truncation requirement of expiration date information of credit and/or debit card numbers within Defendant, or between Defendant and agents, third parties, merchant banks, and credit and debit card processing companies and entities.

8.      All documents that relate to Defendant's policies or procedures of destruction of documents or records as they relate to the materials requested in these discovery requests and the instant Complaint.

9.      All documents that demonstrate or tend to show that including of expiration dates as complained in the instant Complaint was the result of an error.

11

09-0035.1

**EXHIBIT B**          **HD.Disc.000013**

10.     Any insurance policies covering the Defendant's business.

11.     All documents, financial reports and statements to investors showing the calculation of the net worth of Defendant for the past three years.

12.     All documents, financial reports and statements to investors showing the calculation of the net worth of Defendantfor the past three years.

13.     All documents, federal and state tax returns, including all schedules and supporting documents showing the calculation of the net worth of Defendant for the past three years from the date of filing of the instant Complaint.

14.     All documents, memoranda, written policies, corporate minutes and meetings, and other documents that discuss safeguarding the privacy and identity theft of Defendant's customers.

15.     All documents, memoranda, written policies, corporation minutes and meetings, and other documents that discuss FACTA or FCRA, including documents concerning any effort to avoid liability thereunder.

16.     All documents, memoranda, written policies, and other communications and documents between Defendant and its merchant bank(s) that process credit or debit card transactions as they relate to truncation requirement, compliance, or noncompliance of the FACTA amendment to FCRA.

17.     All documents, memoranda, written policies, and other communications and documents between Defendant and its credit or debit card processing company(ies) or bank(s) that process credit or debit card transactions as they relate to truncation requirement, compliance, or noncompliance of the FACTA amendment to FCRA.

18.     All contracts or agreements for hardware or software used to process credit or debit card transactions or issue electronically printed receipts in such transactions.

19.     All documents concerning Linus International, Inc., including but not limited to communications, contracts and other materials.

20.     All documents, memoranda, written policies, and other communications and documents regarding Defendant's best business practices.

21.     All operation manuals or similar documents, etc., that are utilized by, maintained by, or kept by Defendants in the normal course of its business and/or are in possession or control of Defendant, its authorized agents, entities, or third parties that may aid or assist development of a list of all Illinois persons who were provided with receipts that contain their credit card expiration date.

22.     All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the FACTA amendment to the FCRA.

23.     All exhibits which Defendants proposes to introduce at trial.

09-0035.1

**EXHIBIT B**                    **HD.Disc.000014**

*This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.*

Dated: **Nov. 17**, 2009

Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiffs:*

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065

Alexander H. Burke, Esq.
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

13

09-0035.1

**EXHIBIT B**　　　　　　**HD.Disc.000015**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, | ) ) ) | **CLASS ACTION** |
| Plaintiffs, | ) ) | Case No.: 2009cv6481 |
| vs. | ) ) | Judge Hart |
| BROADWAY SUPERMARKET, an Illinois corporation, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

**PROOF OF SERVICE**

TO: Attorneys for Defendant Broadway Supermarket, an Illinois corporation:

      Pengtian Ma
      Law Offices of Pengtian Ma
      2961 S. Archer Ave.
      Chicago, IL 60608
      773.847.8889 fax

    The undersigned, an attorney, hereby certifies that on Nov. 18, 09, he sent or caused to be sent by electronic mail at the electronic mail addresses or by facsimile as provided above or by regular U.S. first class mail, a true and correct copy of each of the following:

1.    Exhibits A and B to be attached to the Plaintiffs' First Set of Discovery Requests Submitted on November 18, 2009.

                      Kenneth M. DucDuong
                      Counsel to Plaintiff

***Counsel for Plaintiffs:***

    Kenneth M. DucDuong, Esq.
    KMD LAW OFFICE
    1055 W. Catalpa Ave. #216
    Chicago, IL 60640
    Tel.: (773) 561-6587
    Fax: (773) 751-5065

    Alexander H. Burke, Esq.

1

09-0035.1

**EXHIBIT B**             **HD.Disc.000016**

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Tel.: (312) 729-5288
Fax: (312) 729-5289

2

09-0035.1

**EXHIBIT B**

**HD.Disc.000017**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, | ) ) ) **CLASS ACTION** |
| Plaintiffs, | ) ) Case No.: 2009cv6481 |
| vs. | ) ) Judge Hart |
| BROADWAY SUPERMARKET, an Illinois corporation, | ) ) Magistrate Judge Brown |
| Defendant. | ) ) |

### PLAINTIFF'S SUPPLEMENTAL DISCOVERY AS TO EXHIBITS A AND B

The Plaintiffs HANK DRAGER ("Drager") and THOMAS LE ("Le"), through their counsel, herein submit their Exhibits A and B, as their Supplemental Discovery, which were to be included in their First Set of Discovery Requests submitted to the Defendant BROADWAY SUPERMARKET, an Illinois corporation, on November 17, 2009. Exhibits A and B were to be answered in connection with the Plaintiffs' First Set of Discovery Requests.

*This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.*

Dated: Nov 18, 2009

Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiffs:*

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.: (773) 561-6587
Fax: (773) 751-5065

Alexander H. Burke, Esq.
BURKE LAW OFFICES, LLC

1

09-0035.1

**EXHIBIT B**                    **HD.Disc.000018**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

2

**EXHIBIT B**

**HD.Disc.000019**



美 亞 商 場
**BROADWAY SUPERMARKET**

4879 N. Broadway St.
CHICAGO, IL 60640
773-334-3838

**EXHIBIT A**

09-26-09                          14:14:36
POY                              S#:21270

M/CAKE-HXPY:WL/1Y 4PC~222
734765130480        @8.99    1 ea    *      C4 TA
熟木瓜                                          $ 8.99
PAPAYA:RIPE                                   C1 TA
0005                @0.69    4.02 lb        $ 2.77

Total:          $ 12.02
Sub:            $ 11.76
Tax:            $ 0.26
   TA:          $ 0.26

Total:        **$ 12.02**

CREDIT CARD TENDER  $ 12.02
**SAVE RECEPT FOR REFUND/EXCHANGE**
RETURN ITEMS MUST IN ORIGINAL SHAPE
NO EXCHANGE/REFUND FOR LIVE,FRESH,
CD,VCD,DVD ITEMS

*** **CREDIT CARD RECEIPT** ***
MERCHANT        088390029266
CARD #          XXXXXXXXXXXX6304
EXPIRE DATE     0412
AUTHORIZTION CODE  00402Z
NAME            LE/THOMAS

**CARD TYPE:      MASTER**

**AMOUNT:        $ 12.02**

REFERENCE  38508715@2140#40365031
****** CUSTOMER COPY ******

**EXHIBIT B**                    **HD.Disc.000020**



美亞商場
**BROADWAY SUPERMARKET**
4879 N. Broadway St.
CHICAGO,IL 60640
773-334-3838

10-03-09                          11:53:36
YANG                          S#:22811
苦瓜
BITTER MELON~##24
0136              @1.29      1.91 lb    C1 TA
                                        $ 2.46
豬絞肉
FRESH GROUND PORK
0428              @1.25      1.12 lb    C3 TA
                                        $ 1.40
小香蕉
BANANA BABY
0054              @1.29      2.42 lb    C1 TA
                                        $ 3.12
青椰子
GREEN COCONUT
0055              @1.29      1 ea       C1 TA
                                        $ 1.29

Total:          $ 8.46
Sub:            $ 8.27
Tax:            $ 0.19
  TA            $ 0.19
**Total:      $ 8.46**

CREDIT CARD TENDER  $ 8.46

**SAVE RECEPT FOR REFUND/EXCHANGE**
RETURN ITEMS MUST IN ORIGINAL SHAPE
NO EXCHANGE/REFUND FOR LIVE,FRESH,
CD,VCD,DVD ITEMS

**\*\*\* CREDIT CARD RECEIPT \*\*\***

MERCHANT        088390029266
CARD #          XXXXXXXXXXXX6649
EXPIRE DATE     0913
AUTHORIZTION CODE  165024
NAME            DRAGER/HANK
**CARD TYPE:    VISA**
**AMOUNT:       $ 8.46**
REFERENCE  00184474@3190#94666290

**\*\*\*\*\*\* CUSTOMER COPY \*\*\*\*\*\***