**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANK DRAGER and THOMAS LE, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.:  1:09-cv-6481 |
| vs. | ) ) | Judge Hart |
| BROADWAY SUPERMARKET, an Illinois corporation, | ) ) ) | Magistrate Judge Brown |
| Defendant. | ) | |

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

Plaintiffs respectfully requests that this Court compel defendant Broadway Supermarkets to properly respond to discovery.  In support of this motion, plaintiffs state:

This is a Fair Credit Reporting Act, 15 U.S.C. §1681c(g) ("FCRA") class action based upon the defendant Chicago north-side supermarket's willful failure to properly truncate credit card information from receipts provided to customers, thus exposing customers to identity theft, including credit card fraud.  E.g. *Miller-Huggins v. Mario's Butcher Shop, Inc.*, 2010 WL 658863 (N.D.Ill. Feb. 22, 2010 N.D.Ill. 2010).  The portion of the FCRA upon which this case is based was part of the 2003 "FACTA" amendment to the FCRA.

Plaintiffs seek statutory damages of between $100 and $1,000 per violation.  15 U.S.C. §1681n.  In order to recover such damages, plaintiffs must prove that the defendant acted "willfully."  The United States Supreme Court held in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-60 (2007), that the term "willful" as used in the FCRA means "reckless," or "reckless disregard", but less than "knowing."

Plaintiffs' discovery is thus aimed at learning more about the defendant's credit card processing, the identities and number of the class members, and, of course, the extent of the defendant's willfulness and recklessness.

Plaintiff has attempted to obtain adequate responses, and defendant has not been cooperative.  Plaintiff therefore moves to compel.

Part I of the argument section of this motion deals with requests aimed at information, documents and data that bear on defendant's willfulness.  Part II focuses on class information, and Part III deals with other discoverable materials.

A.      **Meet and Confer**

Plaintiff issued discovery on November 17, 2009.  Exhibit 1.  Defendant let the December 17, 2009, deadline come and go without responding.  On December 22, 2010, plaintiff's counsel DucDoung sent defense counsel Ma a reminder fax, requesting the responses.  On January 4, 2010, counsel for plaintiffs spoke with defense counsel on the telephone.  During that conversation, defense counsel Ma committed to providing the discovery responses by January 12, 2010.  Plaintiff sent the confirming fax attached as Exhibit 2.

On January 12, 2010, defense counsel Ma sent plaintiffs' counsel an email objecting to the January 12, 2010, deadline for responding to the discovery, and apparently disavowing his commitment to produce the responses by that date.  Exhibit 3.

Plaintiffs filed their first motion to compel on January 14, 2010. At the hearing on the motion, this Court denied the motion to compel without prejudice, and ordered defendant Broadway Supermarket to respond to the discovery by February 26, 2010.

Broadway Supermarkets provided objections to the discovery on February 26, 2010. Exhibit 4.  The responses are wholly inadequate, and almost no documents were produced. Plaintiffs' counsel called the office of Defendant's counsel, Pengtian Ma and later sent Mr. Ma a fax outlining some of the materials that were lacking, and requested that defendant supplement the responses by March 16, 2010.  Exhibit 5.  Defendant remained silent until March 16, 2010, at or after close of business when Mr. Ma sent a one-page fax to plaintiffs' counsel stating that the defendant vaguely stated in ellipses that it was working "assiduously" to provide more information.  Exhibit 6.

Plaintiffs submit that if defendant and counsel were working assiduously, then it would not have taken them more than two months to provide discovery objections.  Truly diligent work also would have rendered substantive responses by the date of the filing of this motion, more than 120 days after the discovery requests were propounded.

**B.    Discovery Generally**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party....  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *Goldman v. Checker*

*Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

"[T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

Compelling production of materials sought promotes justice and quick resolution a matter. *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D.Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction.  "The defendants do not get to determine unilaterally the scope and timing of discovery."  *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

An attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search.  See Fed.R.Civ.P. 26(b)(2);  *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D.Cal. Jan 07, 2008), vacated in irrelevant part, 2008 WL 638108 (S.D.Cal. Mar 05, 2008). The result of this is likely waiver.  *Ner-Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261

(N.D.Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D.Ill. 2008).  The result of the failure to perform an adequate search is wavier.

Compelling production of the materials plaintiff seeks herein will promote swift and just resolution of this case.

**C.**      **Argument:  Materials Sought and Why**

**Part I  -  Willfulness / Recklessness**

As explained *supra*, plaintiffs have issued discovery aimed at learning about the extent of the defendant's willfulness and recklessness as to its FCRA violations.  Plaintiffs expect to prove recklessness by showing that defendant either knew or should have known about FACTA's receipt truncation requirement.

Toward this end, plaintiff issued interrogatory 4, which asked for:

**Interrogatory 4**:  State and identify all third parties, agents, merchant bank(s), or other entities that are involved in processing of Defendant's electronically printed receipts or are connected with ensuring compliance or noncompliance with the FACTA of the FCRA. If it is a non-natural person, including the full name of the natural person in charge, the full address, telephone number(s), and electronic mail (e-mail) addressees).

Answer:      Linus International, Inc.
             544 E. Boughton Road
             Bolingbrook, IL 60440-2181
             T: 630-739-2700

This response is incomplete.   Interrogatory No. 4 requests information for <u>all</u> third parties, including the "merchant bank(s)"that are and were involved in the processing of the credit card and/or debt card payments.

Broadway Supermarkets' response fails to provide the name(s) of any banks that the defendant uses, much less the merchant bank.  As demonstrated by the following flow chart,

companies that take credit card almost always have a "merchant bank" or "acquiring bank" that finds and communicates with the issuing bank in order to consummate the transaction.  The experience of Plaintiffs' counsel is that many merchant banks sent their customers actual notice of FACTA, and warned their customers to comply.  For example, <u>Exhibit 7</u>, from large merchant bank Chase Paymentech's  website, stating that merchants should take notice that "Fair and Accurate Credit Transactions Act (FACTA) (Public Law 108-159) and many states' laws require merchants to comply with account truncation and expiry suppression rules."  For example, if Broadway Supermarkets' merchant bank was Chase Paymentech, this warning would be relevant to whether defendant should have known about FACTA's receipt truncation requirements.

A full response would include the corporate name, address, telephone number and contact person for each third party that is involved in Broadway Supermarkets' credit card processing, including the merchant/acquiring bank, the bank where it has its checking and savings account, and the card issuing bank as it is illustrated in the diagram below.

Interrogatory 9 and document requests 1, 16, 18 and 19 ask for similar information.   The

responses are similarly obfuscatory:

> **Interrogatory 8** - Identify all third parties or vendors that have been involved in
> *providing* electronically printed receipts to customers since January 1, 2000.
>
> > Answer:        Linus International, Inc.
> >                544 E. Boughton Road,
> >                Bolingbrook, IL 60440-2181
>
> **Interrogatory No. 9** - Identify all third parties or vendors that have been involved in
> *processing* electronically printed receipts to customers since January 1, 2000.
>
> > Answer:  Defendant objects to the relevance of this question; without waiving its
> > objection hereto, Defendant states that it is investigating all of the facts
> > requested herein.
>
> **Document Request 1** - All documents relating to the alleged compliance or
> noncompliance of the FACTA amendment to the FCRA, including 15 U.S.C. Sec. 1682c(g),

and the printing of the expiration date or the last five digit number of Plaintiffs' and members of the Class' credit or debit cards.

> Answer:  None, except for the Linus International Inc. contract for the installation of the cash register software (see Answer to Request to Produce 19. below); such is all Defendant has in writing concerning any alleged compliance or noncompliance with FACTA or FCRA.

**Document Request No. 3** - All electronic mail, i.e., e-mail, electronically stored documents or records, or other electronically searchable materials on servers or in archived files, including documents sent to or from any employee or agent of Defendant, including attorney acting within the scope of their representation of Defendant), created, sent, modified or distributed on or after January 1, 2004, that contains any of the following strings of characters or satisfies the following search criteria: [searches relating to FACTA and receipt truncation]

> Answer:  None.

**Document Request No. 7** - All documents that relate or concern any discussion or communication of truncation requirement of expiration date information of credit and/or debit card numbers within Defendant, or between Defendant and agents, third parties, merchant banks, and credit and debit card processing companies and entities.

> Answer:  None.

Plaintiff reasonably requested that the defendant explain the steps it took to search for the files

in document requests 3 and 7, but defendant has not done so.

**Document Request No. 16**  - All documents, memoranda, written policies, and other communications and documents between Defendant and its merchant bank(s) that process credit or debit card transactions as they relate to truncation requirement, compliance, or noncompliance of the F ACTA amendment to FCRA.
Answer: None at the moment.

**Document Request 18** - All contracts or agreements for hardware or software used to process credit or debit card transactions or issue electronically printed receipts in such transactions.

> Answer:  Defendant produces the Contract with Linus International, Inc. (see below Answer to request to produce 19.), its only contract for this type of software.

**Document Request 19 -** All documents concerning Linus International, Inc., including but not limited to communications, contracts and other materials.

Answer:  Defendant tenders the attached document related to Linus International, Inc.; the contract with Linus (Exhibit C).

As explained above, plaintiffs believe that defendant has had at least some sort of communication with its credit card processing "merchant bank" and it seems unlikely that the only communication with defendant's point of sale software and hardware company, Linus, International, was the contract for sale of the POS systems.  The stonewall response to interrogatory 9, that defendant objects to the relevance of plaintiff's request for identification of third parties involved in processing credit card receipts is puzzling.  Of course, plaintiffs want to know if any of these companies provided warranties regarding compliance with FACTA, or provided defendant with notice that it should comply with FACTA.  Exhibit 6.  Further, plaintiffs do not know what defendant means by "none at the moment."  Plaintiffs intend to subpoena the merchant bank to ensure that all such documents are received, but defendant's refusal to provide even the identity of the bank(s) has prevented such.

In response to interrogatory 8, Broadway indicates that Linus International is the only company with which it has a contract for POS software.  What about hardware?  And are there no other communications with Linus other than the contract for the pos system?  We find this hard to believe.  Please supplement, or state definitely that no other documents exist.

## Part II - Class Information

Plaintiffs also propounded discovery to learn how many class members there are. Defendant has indicated that it is working on responding, but has not done so in the three months since the discovery was propounded, especially this information should be easily

obtainable through a telephone call or other communication by defendant with its merchant

bank that processes or otherwise deals with its credit card/debit card transactions These

requests include interrogatory 5, 15:

> **Interrogatory No. 5** - State the number of electronically printed receipts provided to customers by Defendant, at the point of sale or transaction in a transaction occurring after June 3, 2008 until the date of answering this Request, inclusive, that contain either more than five digit number of the person's credit or debit card number or the person's credit or debit card expiration data, or both.

> Answer:  The Defendant is in the midst of investigating this fact requested.

> **Interrogatory 15**: List all possible sources from which Defendant may be able to compile a list of the persons to whom it provided an electronically printed receipt or receipts at the point of sale or transaction, in a transaction in an Illinois store occurring after June 3, 2008, which receipt displays either (a) more than the last five digits of the person's credit or debit card number, or (b) the expiration date of the person's credit or debit card, or both.

> Answer:  Defendant is investigating these facts requested.

Defendant has not provided plaintiffs with any information regarding the size of the

class.  Such information is clearly discoverable.  *Oppenheimer Fund v. Sanders*, 437 U.S. 340,

351, n.13 (1978); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890

(7th Cir. 1981).

Plaintiff requests that the Court compel defendant to provide the number, and to

provide a list of possible sources from which one may determine the names and addresses

associated with the class members.

## Part III - Other Documents

Plaintiff also propounded other requests aimed at various ancillary, but important, issues in

the case.  For example, Document Request 1 asks for relevant information concerning FACTA

compliance and receipt truncation.

**Document Request No. 1** - All documents relating to the alleged compliance or noncompliance of the FACTA amendment to the FCRA, including 15 U.S.C. Sec. 1682c(g), and the printing of the expiration date or the last five digit number of Plaintiffs' and members of the Class' credit or debit cards.This request asks for documents and data concerning defendant's compliance or noncompliance with FACTA.  The Linus Int'l contract is the only document produced.

> Answer:  None, except for the Linus International Inc. contract for the installation of the cash register software (see Answer to Request to Produce 19. below); such is all Defendant has in writing concerning any alleged compliance Of noncompliance with FACTA or FCRA.

As plaintiff pointed out in <u>Exhibit 6</u>, there are obviously other documents, such as copies of the receipts in question and the data on defendant's Point-of-Sales (POS) system regarding the receipts and defendant's user manuals for the pos software and hardware.

All merchants are required by the credit card companies to retain copies of their credit card receipts in the case of a "chargeback" situation.  Chargebacks are where the customer denies having used his credit card at the merchant's place of business.  In this situation, the merchant is required to demonstrate to its bank that the charge was legitimate, through production of the original receipt with a signature on it.  Defendant must have these documents.  Likely there are other documents, too.  But it is defendant's burden to produce them, not plaintiff's counsel's burden to guess what probably exists.  Plaintiff moves to compel.

**Document Request No. 8** - All documents that relate to Defendant's policies or procedures of destruction of documents or records as they relate to the materials requeted in these discovery requests and the instant Complaint

> Answer:  None.

This response almost certainly incomplete.  Pursuant to Section 6001 of the Internal Revenue Code, 26 I.R.C. 6001, the Treas. Reg. 1-6001, businesses like Broadway are required to maintain copies of sales receipts, expenses, and other relevant financial records for at least seven (7)

years for purposes of tax filing.   Any destruction policies or failure to keep financial records would be in violation of the laws and regulations.   Here, Defendant purportedly responded under oath that it has "none"!

Plaintiff asked for information concerning the defendant's finances in anticipation of arguments from defendant that the class should not be certified because it could not possibly pay a potentially very large statutory damages verdict because it does not have enough money. Plaintiffs would alternatively be open, as stated in Exhibit 6, to agreement from defendant that it will not make such an argument.   Defendant has refused to take its finances out of contention, and therefore plaintiff moves to compel.

**Document Request 11:** Plaintiffs' request to produce 11: All documents, financial reports and statements to investors showing the calculation of the net worth of Defendant for the past three years.

Answer: Defendant objects to the relevance of this request to produce; without waiving its right to object to this evidence, Defendant states it will seasonably supplement the file with the requested financial statements and reports, if any.

**Document Request 13:** Plaintiffs' request to produce 13: All documents, federal and state tax returns, including all schedules and supporting documents showing the calculation of the net worth of Defendant for the past three years from the date of filing of the instant Complaint.

Answer: Defendant objects to the relevance of having to provide their tax returns to the Plaintiff.

***Document Request No. 2*** - All documents, records, or data that refer to Plaintiffs, or any index, credit or debit card or accounts or designation assigned to Plaintiffs.

Answer: Presently, Defendant only has the 2 receipts which the Plaintiffs attached to their complaint.

As explained above, defendant almost certainly has copies of the receipts it provided to customers, or its own copy of those receipts.   Further, both plaintiffs visited Broadway

Supermarket numerous times before the receipts in question within the statute of limitations, but did not retain or have lost the receipts.  Broadway should still have records of those transactions.

Finally, plaintiff propounded Interrogatory 17, which asks for defendant to:

**Interrogatory No. 17** - State and describe in detail the reason for any denial of any paragraph in the instant Complaint.

Answer**:** Defendant's denials were based on factual truths explained therewith.

Fed.R.Civ.P. 33 permits this sort of contention interrogatory.  Under the circumstances, where a defendant stonewalls production of the most basic information and documents, such a request is particularly appropriate.

## CONCLUSION

WHEREFORE, plaintiffs respectfully requests that this Court compel defendant Broadway Supermarket to fully respond to the discovery requests set forth herein:

Part I - "Willfulness":  Int. 4, 8, 9 & Doc. Req. 1, 3, 7, 16, 18, 19;
Part II - Class Information: Int. 5 & 15;
Part III - Other Items:   Doc Req. 2, 11, 13, 18.

Respectfully Submitted,

/s/Alexander H. Burke

***Counsel for Plaintiffs:***

Kenneth M. DucDuong, Esq.
KMD LAW OFFICE
1055 W. Catalpa Ave. #216
Chicago, IL 60640
Tel.:  (773) 561-6587
Fax:  (773) 751-5065
ARDC No. 6286069 (IL)

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ARDC No. 6281095 (IL)